RECEIVED
JUN 1 8 2019
BY MAIL

page 1 of 5

United States of America

v.                                                  Case No. 4:17-CR-00095 RWS-PLC

Oscar Dillon III

Dear Honorable Judge Patricia L. Cohen and /or Honorable Chief Judge Rodney W. Sippel

Upon the prevailing existence of such a troubling matter, Humbly Submitting, herein is an attachment of a correspondence sent to Oscar Dillon, III, from the U.S. Department of Justice's Office of Inspector General Investigations Division.

1.) Being that Assistant United States Attorney Michael A. Reilly have potentially violated Principles that the Attorney General of the United States thats been vested with Authority to assign officers to represent the United States under 28 U.S.C. §517, the Inspector General's Office deemed matters appropriate to be reviewed by the said agencies described in the attachment.

2.) Also being that the matter has been "forwarded" for further review and/or investigation, Assist. U.S. Attorney Reilly presumptively has surpass the two step investigatory procedure required under 28 U.S.C. 592

3.) In interest and in light of transparency and government accountability the Department of Justice was notified about prosecutorial misconduct and potential violations of Federal Law's: Crime and Criminal Procedure's 18 §2235, 18 §242, 18 §1623 and Title 18 U.S.C. §1519

4.) It was anticipated for curative reasons AUSA Reilly would use or try to establish Burden-Shifting approaches to avoid any adverse personnel action that he's protected under Title VII 42 U.S.C. 2000-through.

page 2 of 5

5.) Reasons as to corresponding with the Honorable Court related to this matter is Due to an upcoming status hearing June 14, 2019 and or any subsequent in the Honorable Chief Judge Rodney W. Sippel or Honorable Patricia L. Cohen it is asked that the Honorable Judge that has Jurisdiction take Judicial notice over the matter at hand.

6.) Since time is of the essence, being that the Office of the Inspector General, by mail, May 31, 2019 sent it to Dillon and was received by Randolph County Facility dated: June 4, 2019, but given to Dillon June 7, 2019 and unbeknownst as to when this Honorable Court will be in receipt it is prayed that if the Honorable Court retrieve this correspondence and attachment prior to June 14, 2019 it is to be Docketed for the Court to take up the matter at hand on June 14, 2019 and or any hearing subsequent.

7.) Respecting my Client and Attorney Privileges it was not in Dillon's best interest to discuss matters related over an unsecure phone and since the hearing is so close, if mailed, because the Attorney's offices are in Chicago it is feared that it won't make it in time. So the Attorney bears no responsibility as to Oscar Dillon III submission to the court.

8.) Now, Duly highlighting reasons asking the Honorable Court to take Judicial notice derives from incidents of patterned misconduct by AUSA Michael Reilly that is now the subject of Dismissal, now that has been supported by Brief in memorandum on case 4:15-CR-00404 (Doc.#: 2167)

9.) In Dillon's assertion of PreJudice on case: CR-00095 is because of the previous analyzed behavior of misconduct submitted, on case CR-00404, Page 3 of this correspondence is presented with Examples.

page 3 of 5

10.) Due to verifiable substantial prejudice based on previous analyzed prosecutorial misconduct it is deserving of an inquisitorial review by the Honorable Judge that has Jurisdiction over case: CR-00095; (specific reasoning to Justify recusing and/or disqualifying AUSA Reilly) are to be exemplified as follows:

(A) For the sake of brevity, in short, is a summarized outline of facts: In application(s) for warrants on (16MJ7058, 16MJ7059, and 16MJ7062) asking for cell site simulator historical information Reilly specifically asked and authored for said historical information himself.

(B) In a motion to compel Cellular Telephone Data (Doc.#: 1169, and Doc.#: 1201); The government filing a subsequent response (Doc.#: 1223) page 7 stating investigators did not request historical cell site data.

(C) On August 31, 2017 SFO Michael Betz emailed the investigative team including and informed them of the historical information, AUSA Reilly included.

(D) The very next day September 1, 2017 in governments response "Reilly" asserts no historical data was ever requested (see Doc.#: 1223).

(E) AUSA Reilly was present at every proffer session prior to the fourth superceding indictment on case: 4:15-CR-00404 relative to information giving by CW-A and CW-B. Assistant United States Attorney Michael Reilly knowing of the inconsistencies and the informations untruthfulness Reilly still elicited the information to the Grand Jury.

(F) Also to note: Reilly proceeded with charges on the fourth superceding indictment; counts (3) and (4) in which a member of the Grand Jury asked specifically, was Dillon involved in any Drug Activity in that particular case; Reilly himself stated no.

(G) All facts relevant to the above descriptions are on case: CR-00404 (Please see Doc.#: 2167).

page 4 of 5

11.) Although in the 9th Circuit, as a result of prosecutorial misconduct, the Dismissal of that indictment was warranted. see United States v. Noriega, 831 F. Supp. 2d 1180 (C.D Cal., 2011). The behavior of Assistant U.S. Attorney Michael A. Reilly on case: CR00404 as it relates to "Dillon" mimicries when Juxtaposed.

12.) Also Duly highlighting former Co-Defendant of case 4:17-CR-00095, Michael Grady filed civil litigating action in the Southern District of Illinois in which the Honorable J. Phil Gilbert preside, Assistant United States Attorney Michael Reilly was named as a Defendant in that suit in regards to misconduct and lack of probable cause on case: CR-00095. Judge Gilbert sent notice to all parties involved including AUSA Reilly. (Please see 19-CV-00486 JPG.)

13.) Probity has it that, to assure wether recusal on case: CR-00095 was necessary, consultation and review by the Office of General Counsel for the Executive Office of the United States Attorney would be a necessity. Honorably to see if AUSA Reilly should be "Walled-Off" from any further participation in CR-00095 instant litigation, especially since there's been adequate time for Assistant United States Attorneys Angie Danis and Lisa M. Yemm to prepare for an ends and means of Justice.

14.) Because the Office of Inspector General Investigations Division deemed it appropriate for further review Due to the Administrative Services Divisions requirement to check with the (OPR) prior to proceeding with any personnel action it is easy to infer that Assistant United States Attorney triggered a flag thats to be placed in the Federal Bureau of Investigation (FBI)'s Critical Tracking System. In other words presumptively being Investigated.

page 5 of 5

15.) The model Code of Professional Responsibility Ethical Consideration 5-9, 5-10 The rule express an institutional concern, especially pronounced when the government is a litigant, the public confidence in our criminal Justice system not be eroded by even the appearance of impropriety.

[898 F.3d 6] Concluding that the U.S. Attorneys Office is uninterested in "placating concerns" "and" "seems unfazed" by the fact that discovery abuses violate constitutional guarantees and misrepresentations eroded faith that "[s]omething must be done." Bartko, 728 F.3d at 342

"To under___ its seriousness about this matter" the Fourth Circuit ordered the clerk to "serve a copy of [its] opinion upon the Attorney General of the United States and the Office of Professional Responsibility[,]" which handles allegations of misbehavior by Justice Department Attorneys. Id. Bartko v. U.S. Dept of Justice, 898 F.3d 51 (D.C., 2018).

I hereby Certify that the original copy was sent by mail June 7, 2019 to the Honorable Judge Patricia L. Cohen and to be placed on the Docket for all Attorneys of Record and also to be forwarded to Honorable Chief Judge Rodney W. Sippel

As to the limits set upon me I would like my Attorneys of Record Vadim A. Glozman and Blaire C. Dalton to adopt, concur, and/or amend if necessary.

5 pages and 2 Attachments

Dated: June 7, 2019                    Respectfully Submitted: Oscar Dillon III



**U.S. Department of Justice**
Office of the Inspector General
*Investigations Division*
1425 New York Avenue, N.W., Suite 7100
Washington, DC 20530

May 31, 2019

Oscar Dillion III
Randolph County
200 W. Buena Vista
Chester, IL 62233

Dear Mr. Dillion:

Thank you for your correspondence received May 10, 2019. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations. After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices within the DOJ. Therefore, we have forwarded your correspondence to:

> Drug Enforcement Administration
> Office of Professional Responsibility
> 8701 Morrissette Drive
> Springfield, VA 22152
> Phone: (202) 307-1000
>
> Federal Bureau of Investigation
> Inspection Division
> 935 Pennsylvania Avenue NW
> Washington, DC 20535
> Phone: (202) 324-3000

Please direct any further correspondence regarding this matter to those offices.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division