UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00095 RWS |
| | ) | |
| OSCAR DILLON, III and ROY BURRIS, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Michael A. Reilly and Lisa M. Yemm, Assistant United States Attorneys for said District, and submits the attached jury instructions for use at the conclusion of trial (Exhibit 1).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Michael A. Reilly*
MICHAEL A. REILLY, #43908MO
LISA M. YEMM, ##64601MO
Assistant United States Attorneys
111 South 10th Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.


*/s/ Michael A. Reilly*
MICHAEL A. REILLY, #43908MO
Assistant United States Attorney

**Exhibit 1**

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

### 3.01. INTRODUCTION

INSTRUCTION NO. _____

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

<u>8th Circuit Manual of Model Jury Instructions</u> 3.01

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

## 3.02. DUTY OF JURY

INSTRUCTION NO. _____

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

8th Circuit Manual of Model Jury Instructions 3.02

**UNITED STATES V. DILLON AND BURRIS**                    4:17CR00095 RWS

## 3.03. EVIDENCE; LIMITATIONS

INSTRUCTION NO. _____

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses the documents and other things received as exhibits, the facts that have been stipulated -- this is, formally agreed to by the parties, the facts that have been judicially noticed -- this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

l. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

8th Circuit Manual of Model Jury Instructions 3.03

**UNITED STATES V. DILLON AND BURRIS**                    4:17CR00095 RWS

### 3.04. CREDIBILITY OF WITNESSES
INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.


8th Circuit Manual of Model Jury Instructions 3.04

**<u>UNITED STATES V. DILLON AND BURRIS</u>**                    **4:17CR00095 RWS**

## 4.17. DIRECT AND CIRCUMSTANTIAL EVIDENCE

INSTRUCTION NO. _____

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."
You are instructed that you should not be concerned with those terms. The law makes no
distinction between direct and circumstantial evidence. You should give all evidence the weight
and value you believe it is entitled to receive.


<u>8th Circuit Manual of Model Jury Instructions</u> 4.17

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**4.10. OPINION EVIDENCE, EXPERT WITNESS**

INSTRUCTION NO. _____

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

8th Circuit Manual of Model Jury Instructions 4.10

**<u>UNITED STATES V. DILLON AND BURRIS</u>**                    **4:17CR00095 RWS**

**2.05 WIRETAP OR OTHER RECORDED
EVIDENCE**

INSTRUCTION NO. _____


[You [are about to hear] [have heard] recordings of conversations. These conversations were legally recorded, and you may consider the recordings just like any other evidence.]


<u>8th Circuit Manual of Model Jury Instructions</u> 2.05

**UNITED STATES V. DILLON AND BURRIS**         **4:17CR00095 RWS**

**2.06A TRANSCRIPT OF RECORDED
CONVERSATION**

INSTRUCTION NO. _____

     As you have [also] heard, there is a transcript of the recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

     The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

     [Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.]

8th Circuit Manual of Model Jury Instructions 2.06A

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**2.06B TRANSCRIPT OF FOREIGN LANGUAGE;**
**RECORDED CONVERSATION**

INSTRUCTION NO. _____

The exhibits admitted during the trial included recordings of conversations in the Spanish language. You were also given English transcripts of those conversations. The transcripts were prepared [by the [government] [prosecution]] so that you can understand the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether a transcript is accurate, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

8th Circuit Manual of Model Jury Instructions 2.06B

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**2.08 DEFENDANT'S PRIOR SIMILAR ACTS—
WHERE INTRODUCED TO PROVE AN ISSUE
OTHER THAN IDENTITY (FED. R. EVID. 404(B))**

INSTRUCTION NO. _____

You have heard evidence that the defendant Roy William Burris, Jr. was convicted of trafficking in marijuana. You may consider this evidence only if you (unanimously) find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide defendant Burris's knowledge and intent. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant Burris may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. Defendant Burris is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issues stated above.

8th Circuit Manual of Model Jury Instructions 2.08

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**2.08 DEFENDANT'S PRIOR SIMILAR ACTS—**
**WHERE INTRODUCED TO PROVE AN ISSUE**
**OTHER THAN IDENTITY (FED. R. EVID. 404(B))**

INSTRUCTION NO. _____

You have heard evidence that the defendant Oscar Dillon, III previously followed a law enforcement officer during the course of a previous investigation. You may consider this evidence only if you (unanimously) find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide defendant Dillon's intent, preparation, plan and knowledge. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant Dillon may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. Defendant Dillon is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

8th Circuit Manual of Model Jury Instructions 2.08

**UNITED STATES V. DILLON AND BURRIS**                    4:17CR00095 RWS

## 2.18    IMPEACHMENT OF WITNESS

INSTRUCTION NO. _____

You have heard evidence that witness **[NAME]** was once convicted of a crime. You may use that evidence only to decide whether to believe the witness and how much weight to give [his/her] testimony.   You have also heard evidence that the witness participated in the crime charged and hopes to receive a reduction of his current sentence in return for [his/her] cooperation with the United States in this case.

It is up to a judge to decide whether or not to reduce the sentence and if so, by how much.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of this witness may have been influenced by any of these factors is for you to determine.

8th Circuit Manual of Model Criminal Jury Instructions 2.18, 4.05A, 4.05B (all modified)

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

INSTRUCTION NO. _____

Omitting the formal caption, the indictment in the case reads as follows:

**COUNT I**

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including August and September 2016, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**OSCAR DILLON, III,**
**a/k/a "Anthony," "Ant," "Chest," and "Muscles," and**
**ROY WILLIAM BURRIS, JR.,**
**a/k/a "Glasses," "Goggles," "Lentes," "Bota Roja," and "Frank White,"**

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

All in violation of Title 21, United States Code, Section 846; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the conspiracy and attributable to each defendant as a result of his own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each defendant, is five kilograms or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

### COUNT II

The Grand Jury further charges that:

On or about September 7, 2016, in the City of St. Louis, Missouri, within the Eastern District of Missouri,

**OSCAR DILLON, III,**
**a/k/a "Anthony," "Ant," "Chest," and "Muscles,"**

the defendant herein, acting with other-persons known and unknown to this Grand Jury, did

knowingly and intentionally attempt to commit the following offense against the United States:

to possess with the intent to distribute a mixture or substance containing a detectable amount of

cocaine; a Schedule II controlled substance, in violation of Title 21, United States Code,  Section

841(a)(1); and that the defendant committed a substantial step in furtherance thereof.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States

Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in

the conspiracy and attributable to the defendant as a result of his own respective conduct, and the

conduct of others, known or reasonably foreseeable to the defendant, is five kilograms or more,

making the offense punishable under Title 21, United States Code, Section 841(b)(l)(A)(ii)(II).

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

### 3.08. DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF
**(Multiple Defendants, Multiple Counts)**

INSTRUCTION NO. _____

The Indictment in this case charges the defendant Dillon with two different crimes and defendant Burris with one crime.

Count One charges that defendants Oscar Dillon, III and Roy William Burris, Jr., committed the crime of conspiracy to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Count Two charges that defendant Oscar Dillon, III, knowingly attempted to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine; a Schedule II controlled substance.

The defendants have pleaded not guilty to these charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome only if the Government proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each

**<u>UNITED STATES V. DILLON AND BURRIS</u>**                    **4:17CR00095 RWS**

crime charged against each individual defendant, and you must return a separate verdict for each

of those crimes charged.


<u>8th Circuit Manual of Model Jury Instructions</u> 3.08

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

### 3.11. REASONABLE DOUBT

INSTRUCTION NO. ____

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

8th Circuit Manual of Model Jury Instructions 3.11

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

INSTRUCTION NO. _____


The indictment charges that the offenses were committed "on or about" a certain date. Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the count of the indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.


Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions § 13.05

**<u>UNITED STATES V. DILLON AND BURRIS</u>**                    **4:17CR00095 RWS**

INSTRUCTION NO. _____


Counts One and Two of the indictment are based upon statutes which are federal law, Title

21, United States Code, Sections 841(a)(1) and 846, which read, in pertinent part, as follows:

> (a) ... it shall be unlawful for any person knowingly or intentionally-
>
> (1) to ... distribute ... or possess with the intent to … distribute … a
>
> controlled substance; ...


- and -

> any person who attempts or conspires to commit any offense defined
>
> in this subchapter shall be subject to the same penalties as those
>
> prescribed for the offense, the commission of which was the object
>
> of the attempt or conspiracy.


Title 21, United States Code, Sections 841(a)(1) and 846

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**5.06A-I. CONSPIRACY:   ELEMENTS (21 U.S.C. §846)**

INSTRUCTION NO. _____


It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to distribute a controlled substance, as charged in Count One of the indictment, has three elements, which are:

*One*, beginning at a time unknown, but including the period from August and September 2016, and continuing thereafter until the date of the indictment, with the exact dates unknown, two or more people reached an agreement to commit the crime of distribution of a controlled substance;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

Instruction Nos. _____ further explain these elements.

If all of these elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count One; otherwise you must find the defendant not guilty of this crime under Count One.


8th Circuit Manual of Model Jury Instructions 5.06A-I

**UNITED STATES V. DILLON AND BURRIS**                    4:17CR00095 RWS

**5.06A-2. CONSPIRACY:   ELEMENTS (18 U.S.C. § 371) EXPLAINED**

INSTRUCTION NO. _____

**Element One -**

Element One of the conspiracy charge in Count One requires that two or more people reached an agreement to commit the crime of distribution of a controlled substance.

The indictment charges a conspiracy to distribute a controlled substance containing a detectable amount of cocaine. For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy to distribute a controlled substance containing a detectable amount of cocaine.

The agreement between two or more people to commit the crime of conspiracy to distribute a controlled substance containing a detectable amount of cocaine does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the conspiracy to distribute a controlled substance containing a detectable amount of cocaine was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit conspiracy to distribute a controlled substance containing a detectable amount of cocaine, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of conspiracy to distribute a controlled substance containing a detectable amount of cocaine, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit conspiracy to distribute a controlled substance containing a detectable amount of cocaine by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of conspiracy to distribute a controlled substance containing a detectable amount of cocaine. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being

<u>**UNITED STATES V. DILLON AND BURRIS**</u>                    **4:17CR00095 RWS**

considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To help you decide whether the defendant agreed to commit the crime of conspiracy to distribute a controlled substance containing a detectable amount of cocaine, you should consider the elements of that crime, which are the following:

*One*, a person intentionally distributed or transferred a mixture or substance containing a detectable amount of cocaine to another person; and

*Two*, at the time of the distribution or transfer, the defendant knew that it was a controlled substance.

The government is not required to prove that the defendant knew the exact nature of the controlled substance with which he was dealing.

You may consider these elements in determining whether the defendant agreed to commit the crime of conspiracy to distribute a controlled substance containing a detectable amount of cocaine keeping in mind that this count of the indictment only charges a conspiracy to distribute a controlled substance containing a detectable amount of cocaine, and does not charge that distribution of a controlled substance was committed.

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of conspiracy to distribute a controlled substance containing a detectable amount of cocaine simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy, even if his acts furthered the conspiracy.

8th Circuit Manual of Model Jury Instructions 5.06A-2 (modified)
8th Circuit Manual of Model Jury Instructions 5.06B (2007)
United States v. Ramos, 814 F.3d 910, 915 (8th Cir. 2016), as corrected (Feb. 23, 2016);
United States v. Martin, 274 F.3d 1208, 1210 (8th Cir. 2001)
United States v. Anwar, 880 F.3d 958, 967 (8th Cir. 2018)

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**5.06D. CONSPIRACY:   CO-CONSPIRATOR ACTS AND STATEMENTS**

INSTRUCTION NO. ＿＿＿


If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.


8th Circuit Manual of Model Jury Instructions 5.06D

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

## 6.21.846B ATTEMPT (21 U.S.C. § 846)

INSTRUCTION NO. _____


The crime of attempting to possess with the intent to distribute cocaine, as charged in

Count Two of the Indictment, has three elements, which are:

*One*, the defendant intended to possess cocaine with the intent to distribute it;

*Two*, the defendant knew the material he then intended to distribute was a controlled

substance; and

*Three*, the defendant voluntarily and intentionally carried out some act which was a

substantial step toward possessing with the intent to distribute cocaine.

If all of these elements have been proved beyond a reasonable doubt, then you must find

the defendant guilty of the crime charged under Count Two; otherwise you must find the defendant

not guilty of this crime under Count Two.

The government is not required to prove that the defendant knew the exact nature of the

controlled substance with which he was dealing.



8th Circuit Manual of Model Jury Instructions 6.21.846B
United States v. Ramos, 814 F.3d 910, 915 (8th Cir. 2016), as corrected (Feb. 23, 2016);
United States v. Martin, 274 F.3d 1208, 1210 (8th Cir. 2001)
United States v. Anwar, 880 F.3d 958, 967 (8th Cir. 2018)

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**8.01A ATTEMPT**

INSTRUCTION NO. _____


A substantial step, as used in the previous instruction, must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.


8th Circuit Manual of Model Jury Instructions 8.01A

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

### 8.02    POSSESSION: ACTUAL, CONSTRUCTIVE, SOLE, JOINT

INSTRUCTION NO. _____

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

8th Circuit Manual of Model Criminal Jury Instructions 8.02

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

INSTRUCTION NO. _____

Under the statute upon which Count Two of the indictment is based, the phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" a controlled substance, the jury may consider, among other things, the quantity of a controlled substance and the "street value" of the controlled substance.

The United States must prove at to each count of the indictment, beyond a reasonable doubt, that the defendant intended to distribute a controlled substance.

Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions **§** 54.09 (modified)
United States v. Billingsley, 160 F.3d 502, 506 (8th Cir. 1998)
United States v. Chard, 115 F.3d 631, 635 (8th Cir. 1997)
United States v. Daniel Evans, United States District Court for the Eastern District of Missouri, Case No. 4:18 CR 611 (July 31, 2019) (Doc. No. 109, Instruction No. 22 at p. 26)

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

INSTRUCTION NO. _____


You are instructed, as a matter of law, that cocaine is a Schedule II narcotic controlled

substance.

Title 21, United States Code, Section 812

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**7.05. PROOF OF INTENT OR KNOWLEDGE**

INSTRUCTION NO. _____


      Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.


8th Circuit Manual of Model Jury Instructions 7.05

**UNITED STATES V. DILLON AND BURRIS**          **4:17CR00095 RWS**

INSTRUCTION NO. _____


The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in evidence.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from the defendant's failure to do so.


Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions § 17.18 (modified)

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

INSTRUCTION NO. _____


You have heard testimony as to the manner in which the United States conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative techniques that were not used. In attempting to prove its case, the United States is under no obligation to use all of the investigative methods that are available to it or to use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendants' guilt.


Modern Federal Jury Instructions Instr. 4-4 (adapted)
United States v. Antonio Shaw, United States District Court for the Eastern District of Missouri, Case No. 4:10 CR 471 HEA (Sept. 25, 2012) (Doc. No. 294, Instruction No. 39 at p. 44)
United States v. Cota-Meza, 367 F.3d   1218, 1223 (10th Cir. 2004)
United States v. Saldarriaga, 204 F.3d 50, 52-53 (2d Cir. 2000)
United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992)
United States v. Sanchez Solis, 882 F.2d 693, 697 (2d Cir. 1989)
United States v. Cheung Kin Ping, 555 F.2d 1069, 1073-74 (2d Cir. 1977)

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

**3.12. ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM**

INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if a defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

**UNITED STATES V. DILLON AND BURRIS**                    **4:17CR00095 RWS**

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads:   (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

8th Circuit Manual of Model Jury Instructions 3.12 (modified)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CR00095 RWS |
| | ) | |
| OSCAR DILLON, III, | ) | |
| a/k/a "Anthony," "Ant," "Chest," and | ) | |
| "Muscles," | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERDICT</u>**

**<u>COUNT ONE</u>**

We, the jury in the above entitled cause, unanimously find the defendant

**OSCAR DILLON, III** _____
                                            guilty/not guilty

of the crime of conspiracy to distribute a mixture of substance containing a detectable amount of

cocaine as charged in Count One of the indictment.

If you find the defendant guilty, you must answer the following:

The quantity of a mixture or substance containing a detectable amount of cocaine involved

in the conspiracy attributable to Defendant Dillon as a result of his own conduct, and the conduct

of other conspirators known or reasonably foreseeable to him was:

a.        _____ five kilograms or more;

b.        _____ less than five kilograms, but more than 500 grams;

c.        _____ less than 500 grams.

Check the quantity of a mixture or substance containing a detectable amount of cocaine which the jury agrees unanimously and beyond a reasonable doubt was involved in the offense. If you are unable to agree, check (c).

## COUNT TWO

We, the jury in the above entitled cause, unanimously find the defendant

**OSCAR DILLON, III** _____
                                    guilty/not guilty

of the crime of attempting to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine as charged in Count Two of the indictment.

If you find the defendant guilty, you must answer the following:

The quantity of a mixture or substance containing a detectable amount of cocaine involved was:

a. _____ five kilograms or more;

b. _____ less than five kilograms, but more than 500 grams;

c. _____ less than 500 grams.

Check the quantity of a mixture or substance containing a detectable amount of cocaine which the jury agrees unanimously and beyond a reasonable doubt was involved in the offense. If you are unable to agree, check (c).

_____
FOREPERSON

_____
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CR00095 RWS |
| | ) | |
| ROY WILLIAM BURRIS, JR., | ) | |
| a/k/a "Glasses," "Goggles," "Lentes," | ) | |
| "Bota Roja," and "Frank White," | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERDICT</u>**

We, the jury in the above entitled cause, unanimously find the defendant

**ROY WILLIAM BURRIS, JR**. _____
guilty/not guilty

of the crime of conspiracy to distribute a mixture of substance containing a detectable amount of

cocaine as charged in Count One of the indictment.

If you find the defendant guilty, you must answer the following:

The quantity of a mixture or substance containing a detectable amount of cocaine involved

in the conspiracy attributable to Defendant Dillon as a result of his own conduct, and the conduct

of other conspirators known or reasonably foreseeable to him was:

a.        _____ five kilograms or more;

b.        _____ less than five kilograms, but more than 500 grams;

c.        _____ less than 500 grams.

Check the quantity of a mixture or substance containing a detectable amount of cocaine which the jury agrees unanimously and beyond a reasonable doubt was involved in the offense. If you are unable to agree, check (c).

_____

FOREPERSON

_____

Date