UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | No.: 17 CR 95 |
| vs.   ) | |
| ) | |
| OSCAR DILLON, III, et al.,   ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT OSCAR DILLON III'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT**

Comes now the defendant, Oscar Dillon III, by and through his undersigned attorneys, and respectfully moves this Honorable Court to dismiss the indictment against him for violating his right to a speedy trial pursuant to 18 U.S.C. § 3161. In support the following is offered:

1. After several requests for a continuance of a trial date, trial in this matter was set to begin on November 12, 2019. Mr. Dillon, through counsel, had agreed to the continuance from the previous jury trial date scheduled on July 8, 2019 until November 12, 2019.

2. On October 30, 2019, codefendant Roy Burris filed a motion to continue the November 12, 2019 trial date based upon the government recent disclosure of a new cooperating witness. *See* Dkt. No. 330. That same day, Mr. Dillon filed his objection to a continuance of the trial and sought to be severed from codefendant Burris so as to still stand trial on the scheduled November 12, 2019 trial date.

3. On November 4, 2019, this Court had a telephone conference with the attorneys for all the parties during which Burris' motion to continue trial was

discussed.  During that telephone conference, this Court granted Burris' motion to continue until January 13, 2020 pursuant to 18 U.S.C. § 3161(h)(7).  *See* Dkt. No. 341.  This Court chose January 13, 2020 as the trial date because it would have been within the Speedy Trial Acts statutorily allowed 70-day time period would render moot Mr. Dillon's request to be severed from Burris.  The November 4, 2019 order is silent as to the application of 18 U.S.C. § 3161(h)(7) to Mr. Dillon.  To that end, between November 12, 2019 through January 13, 2020, 62 days had elapsed against the Speedy Trial Act.

4. On December 16, 2019, codefendant Burris again filed a motion to continue trial.  *See* Dkt.  No. 346.  Again, Mr. Dillon objected to any continuance of the trial and asked for a severance should this Court entertain Burris' motion.  *See* Dkt. No. 347.  The Speedy Trial Act issue was articulated in that objection.  *Id*.  The Court denied Burris' request to continue.  *See* Dkt. No. 351.

5. Because of unforeseen medical issues to one of Mr. Dillon's counsels, Mr. Dillon joined in on Burris' motion to continue trial that was filed on December 27, 2019.  *See* Dkt. 356.  In that motion, Mr. Dillon asked that his trial be continued until February 3, 2020. *Id*.

6. This Court held a telephone conference regarding this joint motion to continue trial on January 3, 2020.  During this telephone conference, this Court denied the request to continue the trial until February 3, 2020 and ordered that the trial commence on January 21, 2020, so long as the "defendants file fully executed Speedy Trial Waivers by January 9th."  Dkt. No. 363.  That same day, this Court

reiterated that the trial "reset from January 13 ,2020[,]" but that such continuance was "contingent on each of the Defendants filing a fully executed Waiver of Speedy Trial no later than January 9, 2020 at 10:00 a.m." Dkt. No. 364.  On January 8, 2020, this Court entered a notice stating that the January 13 ,2020 trial date will stand should the defendants fail to file fully executed Waiver of Speedy Trial.  *See* Dkt. No. 366.

7. Based on this Court's representation that a continuance was only being granted until January 21, 2020, Mr. Dillon executed and filed with the Court a written Waiver of Speedy Trial, agreeing to exclude, pursuant to 18 U.S.C. § 3161, January 13, 2020 through January 21, 2020.  *See* Dkt.  367.  Mr. Dillon did not agree to exclude time until February 3, 2020.

8. Later the same day, on January 8, 2020, this Court entered an order continuing the trial until February 3, 2020 despite its indication that such a continuance would not be granted.  *See* Dkt. No. 369.

9. The Sixth Amendment of the United States Constitution requires that criminal defendants enjoy the right to a speedy trial.  This right is codified in 18 U.S.C. § 3161, also known as the Speedy Trial Act, which requires "that trial begin within 70 days after that defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute." *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007) (en banc).  If the defendant is not brought to trial within that 70-day time period, the indictment must be dismissed on the defendant's motion.  18 U.S.C. §3162(a)(2).  A defendant's Sixth Amendment

3

right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States. v. Shepard*, 462 F.3d 847, 846 (8th Cir. 2006). Certain events stop the speedy trial clock, however, open-ended waivers of time under the Speedy Trial Act have been rejected. *Zedner v. United States*, 547 U.S. 489, 500-1 (2006).

10. A defendant has the burden of proof to show that their statutory right to a speedy trial have been violated. *United States v. Cordova*, 157 F.3d 587, 599 (8th Cir. 1998). As stated previously, to meet this burden, the defendants must demonstrate that "more than 70 non-excludable days have passed from the date the clock began to run." *United States v. Williams*, 557 F.3d 943, 950 (8th Cir. 2009); *citing* 18 U.S.C. § 3161(c)(1). "when a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant." *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994). This can, and has, certainly been done here.

11. As of January 29, 2020, 70 days have elapsed since Mr. Dillon demanded trial. First, 62 days elapsed between November 12, 2019 and January 13, 2020. Second, 8 days elapsed between January 21, 2020 and January 29, 2020. The 8 days that elapsed from January 21, 2020 through January 29, 2020 were done without Mr. Dillon's agreement or consent. He had simply followed this Court's instruction by executing a waiver of speedy trial from that day the trial was originally scheduled for, January 13, 2020, until the only day this Court offered a continuance until, January 21, 2020.

4

12. Although Mr. Dillon initially requested that his trial be continued until February 3, 2020 as opposed to January 21, 2020, this Court denied that request and indicated it would only order a continuance until January 21, 2020 if a speedy trial waiver was executed. Otherwise, the January 13, 2020 trial date would have stayed firm. Mr. Dillon followed this Court's instruct and did so to the ordered January 21, 2020 date.

13. Mr. Dillon is mindful that the government may argue that he in fact consented to a continuance until February 3, 2020 based on his attorneys' request for such a trial doing in the December 27, 2020 joint motion to continue trial. Such, however, is not persuasive. In their response to the joint motion to continue (Dkt. No. 357), the government highlighted in footnote 3, that a continuance should be denied, at least in part, because this Court's November 4, 2019 order indicated "that any request for continuance of the trial of this matter shall be filed with a fully executed Waiver of Speedy Trial." Dkt. No. 342. Furthermore, although counsel of Mr. Dillon did initially request a February 3, 2020 trial date, all subsequent communications with this Court indicated that a continuance will only be ordered until January 21, 2020. Not once did this Court indicated between the telephone conference on January 3, 2020 and its January 8, 2020 order that it would continue the trial to any day other than January 21, 2020. Mr. Dillon was simply following this Court's instructions as to the written waiver of speedy trial and did not until the Court date indicated it would reset the trial for. Mr. Dillon did not want to sign a waiver in perpetuity, such as the one signed by codefendant Burris (Dkt. No. 368),

5

because he did not want this trial continued until March 19, 2020 or later, as previously requested by counsel for Burris.

14.     Pursuant to the Speedy Trial act, as codified in 18 U.S.C. §3161, dismissal of the indictment is warranted.

Wherefore, for the reasons stated above, defendant Oscar Dillon III respectfully moves this Honorable Court to dismiss this indictment for violation of the Speedy Trial Act, as codified in 18 U.S.C. §3161.

Respectfully submitted,

/s/ Vadim A. Glozman
*An Attorney for Oscar Dillon, III*

/s/ Blaire C. Dalton
*An Attorney for Oscar Dillon, III*

Blaire C. Dalton, #6305696IL
DALTON LAW, LLC
53 W. Jackson Blvd., Ste. 1550
Chicago, Illinois 60604
(847) 373-4750
blairec.dalton@gmail.com

Vadim A. Glozman, #6315389IL
VADIM A. GLOZMAN LTD.
53 West Jackson Blvd., Suite 1410
Chicago, Illinois 60604
(312) 726-9015
vg@glozmanlaw.com

6

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 31, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

            /s/ Vadim A. Glozman